UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

Case No.: 2:25-cv-00811

CASEY MICHAEL GRANGER and LONI NICOLE GRANGER,

Plaintiffs,

vs.

[Defendants To Be Listed],

Defendants.

---

MOTION FOR SANCTIONS AGAINST CLERK OF COURT FOR PROCEDURAL MISCONDUCT, EXPOSURE OF SEALED MATERIALS, AND RETALIATORY NEGLIGENCE

TO THE HONORABLE COURT:

COMES NOW the Plaintiffs, Casey Michael Granger and Loni Nicole Granger, pro se, and hereby move this Court to impose formal sanctions against the Clerk of the Court, or the specific deputy clerk responsible for mishandling Plaintiffs' April 30, 2025 emergency filings. The Clerk's failure to properly implement the sealing request resulted in exposure of sensitive documents via PACER and Google search, directly endangering Plaintiffs, and constituting a breach of both procedural rules and constitutional protections.

---

## I. FACTUAL BACKGROUND

Plaintiffs also wish to note for the record that the original request to seal the Emergency Motion was made not out of fear or secrecy, but out of professional courtesy and respect for the integrity of the Court and the United States judicial system. Plaintiffs did not want the exposure or administrative misstep to reflect poorly on the institution itself, and sought to give the Clerk and the Court the opportunity to correct it quietly and properly.

1. On April 30, 2025, Plaintiffs filed an Emergency Motion along with a Bivens Complaint in the above-referenced matter.

2. The filing included explicit written and verbal requests for the materials to be filed under seal.

3. On May 2, 2025, Plaintiffs hand-delivered an Emergency and Expedited Motion for Protection to the Clerk's Office.

4. Plaintiffs were forced to physically walk in on May 2, 2025, because the Clerk's Office failed to provide confirmation or response via email. At that time, Plaintiff Loni Granger was required to retrieve a case number in person and submit a severe Motion for Protection directly to the Clerk.

5. Despite these requests and filings, the Clerk's office failed to appropriately restrict access to the documents, leading to publication on PACER and indexing by Google.

6. The breach occurred over a weekend during scheduled PACER maintenance, between May 3-5, 2025.

7. On the evening of Sunday, May 4, 2025, Plaintiffs discovered that their filing had been exposed online and indexed by Google.

8. No ruling to deny sealing had been issued. This constitutes a procedural failure and unauthorized exposure.

9. The breach occurred without judicial awareness or consent and after Judge King had already dismissed the case.

10. Most critically, this failure to seal and protect confidential emergency filings directly risked the lives of both Plaintiffs. The information exposed contained personal, legal, and safety-sensitive content that, once public, left Plaintiffs vulnerable to retaliation, harm, and further targeting. This was not a mere clerical error-it was a violation of the Court's duty to protect its litigants.

---

## II. LEGAL BASIS FOR CLERK ACCOUNTABILITY

Clerks of court must comply with federal and local rules on sealing procedures. Failure to do so, especially when harm results, justifies sanctions.

- Fed. R. Civ. P. 5.2(d): "The court may order filings be made under seal without redaction."
- LCR 5(g) (W.D. Wash.): Mandates sealing protocols for emergency and protective filings.
- Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993): Clerks are not immune from liability for ministerial errors.

---

## III. REQUESTED RELIEF

Plaintiffs respectfully request:

1. A $5,000 sanction against the responsible clerk.

2. Judicial notice of the PACER breach and administrative failure.

3. Immediate resealing of all exposed documents.

4. Referral of the Clerk's Office to internal disciplinary review.

---

## IV. TIMELINE SUMMARY (Exhibit C)

- April 30, 2025 - Emergency Motion filed with seal request.

- May 2, 2025 - Emergency and Expedited Motion for Protection hand-delivered to Clerk's Office. Case number assigned in person.

- May 3-5, 2025 - PACER scheduled maintenance window.

- May 4, 2025 - Plaintiffs discover filing exposed online via Google.

- May 6, 2025 - Plaintiffs file this motion upon discovery of breach.

---

## V. CONCLUSION

This motion is not intended as retaliation, but as a corrective act to uphold the Court's integrity. Plaintiffs request a ruling on this motion and acknowledgment of the breach in record.

Respectfully submitted,

DATED: May 6, 2025

/s/ Casey Michael Granger

/s/ Loni Nicole Granger

Pro Se Plaintiffs

Seattle, Washington